UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

DEANDRA BRUNSON, and other similarly )
situated individuals, )
  )
       Plaintiff(s), )
  )
v. )
  )
A & S ENTERTAINMENT, LLC d/b/a The )
Office a/k/a The Office, Inc., a Florida )
corporation, )
  )
       Defendant. )

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiff, DEANDRA BRUNSON ("Brunson" or "Plaintiff") and other similarly situated individuals, sue the Defendant, A & S ENTERTAINMENT, LLC d/b/a The Office a/k/a The Office, Inc. (collectively, the "Defendant") and allege:

1. This is an action to recover money damages for unpaid minimum wages under the laws of the United States.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

3. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

4. A & S ENTERTAINMENT, LLC d/b/a The Office a/k/a The Office, Inc. ("The Office"), is are a Florida limited liability company having its main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

## COUNT I: WAGE AND HOUR VIOLATION BY THE OFFICE

5. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-4 above as if set out in full herein.

6. This action is brought by Plaintiff and those similarly situated to recover from The Office unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq.

7. 29 U.S.C. § 206 (a) (1) states ". . . an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce . . ." [29 U.S.C. § 206 (a) (1)]. On July 24, 2007, Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

8. The Act provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

9. In Florida, the minimum wage from January 1, 2013, through December 31, 2013, was $7.79 per hour; and from January 1, 2014, through December 31, 2014, was $7.93 per hour. In 2015, the Florida minimum wage is $8.05 per hour.

10. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Office is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, The Office operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and The Office obtains and solicits funds from non-Florida sources, accepts

funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of The Office was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

11. By reason of the foregoing, The Office is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for The Office. The Office business activities involve those to which the Act applies. The Office is bar/adult lounge and, through its business activity, affects interstate commerce. The Plaintiff's work for The Office likewise affects interstate commerce. Plaintiff was employed by The Office as a bartender for The Office.

12. Plaintiff was employed by The Office from approximately March of 2013 until June 30, 2015. During this time, Plaintiff was not paid her minimum wages for approximately 79 compensable weeks and she worked between 35-40 hours per week for The Office.

13. During these approximately 79 weeks, Plaintiff was required to work for "tips" only, but no salary.

14. As to the unpaid hours, The Office failed to comply with the reduced minimum wage allowed for tipped employees, thus entitling Plaintiff to be paid the full minimum wage for all hours he worked. *See Ash v. Sambodromo, LLC*, 676 F. Supp. 2d 1360, 1369 (S.D. Fla. 2009)

("Unless the employer satisfies its burden of showing the applicability of the tip credit, the employee is entitled to the full minimum wage for every hour worked").

15. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of her unpaid wages is as follows:

- a. Actual Damages: $21,779.45
    - i. 2013
        - a. $7.79 x 35 weekly hours x 36 compensable weeks = $9,815.40
    - ii. 2014
        - a. $7.93 x 35 weekly hours x 36 compensable weeks = $9,991.80
    - iii. 2015
        - a. $8.05 x 35 weekly hours x 7 compensable weeks = $1,972.25
- b. Liquidated Damages: $21,779.45

**TOTAL DAMAGES OF $43,558.90** plus reasonable attorneys' fees and costs of suit.

16. The additional persons who may become Plaintiffs in this action are employees and/or former employees of The Office who worked as bartenders and who are or were subject to the unlawful payroll practices and procedures of The Office and were not paid minimum wages for all hours worked.

17. The records, if any, concerning the number of hours and payments for wages actually received by Brunson and all other similarly situated employees should be in the possession and custody of Defendant.

18. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Brunson and other similarly situated employees. As such, Defendant violated the record keeping requirements of the Act.

19. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages and remain owing Brunson and those similarly situated these minimum wages during the relevant time period as set forth above. As such, Brunson and those similarly situated are entitled to recover double damages.

20. Defendant willfully and intentionally refused to pay Brunson her correct minimum wages as required by the laws of the United States as set forth above and remain owing Brunson these minimum wages since the commencement of Brunson's employment with The Office.

21. Brunson has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against The Office on the basis of the The Office's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for minimum wages for hours worked in excess of forty weekly interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Law.

**JURY DEMAND**

Plaintiff and those similarly situated demand trial by jury of all issues triable as of right by jury.

Dated: July 27, 2015.

                Respectfully submitted,

                By:__/s/ R. Martin Saenz
                R. Martin Saenz, Esquire
                Fla. Bar No.: 0640166
                Email: msaenz@saenzanderson.com
                SAENZ & ANDERSON, PLLC
                20900 NE 30th Avenue, Ste. 800
                Aventura, Florida 33180
                Telephone: (305) 503-5131
                Facsimile:  (888) 270-5549
                *Attorneys for Plaintiff*